NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD DALE HAGEDORN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MARTA DIAZ, et al. <br><br> Defendants. | Case Number C 06-00796 JF <br><br> ORDER[1] CONDITIONALLY DENYING MOTIONS TO DISMISS |

    Defendants Stanford Hospital and Clinics, Judge Marta Diaz, the San Mateo Human Services Agency, and the San Mateo County Board of Supervisors move to dismiss the complaint filed by Plaintiffs Richard Dale Hagedorn and Linda Lee Hagedorn. In response, Plaintiffs have filed a "motion to deny the motions to dismiss." The Court heard oral argument on August 18, 2006, and for the reasons set forth below will deny Defendants' motions to dismiss, but only if Plaintiffs strictly comply with the conditions set forth below.

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 06-00796 JF
ORDER CONDITIONALLY DENYING MOTIONS TO DISMISS
(JFLC1)

## I. BACKGROUND

On February 6, 2006 Plaintiffs Richard Dale Hagedorn and Linda Lee Hagedorn, proceeding *pro se*,[2] filed a complaint against Defendants Judge Marta Diaz, San Mateo County, Human Services Agency / Children & Family Services, Stanford University Hospital & Clinics, and San Mateo County Board of Supervisors. Plaintiffs allege, among other things, that "Defendants, individually and through the official authority of their office did conspire individually and did TRESPASS upon the Sovereign rights immediately, directly, and by implied force thereby causing damage and injury to the Plaintiffs and the Plaintiffs' Sovereign Rights; and WHEREAS Defendants appearing individually through 'Color of office' has TRESPASS through acts of 'malum in se' the Plaintiffs have been damaged." Complaint ¶ 13.

On May 2, 2006, Plaintiffs filed a "Motion for a Default Disqualification Judgment" against Defendant Judge Marta Diaz, and five motions for "Default Judgment and Claim" against various Defendants. On May 24, 2006, Plaintiffs filed a document entitled "Motions to Dismiss" against all Defendants. On May 26, 2006, this Court issued an order noting that the docket showed that Plaintiffs had not served Defendants with a summons and copy of the complaint, as is required by Federal Rule of Civil Procedure 4(c), and explaining that if Plaintiffs that if they did not serve Defendants within 120 days after the filing of the complaint, the Court might dismiss the instant action. Fed. R. Civ. P. 4(m).

As of the date of the hearing on the instant motions to dismiss, one-hundred and ninety-one (191) days after Plaintiffs filed their complaint, the Court docket does not reflect proper service of the summons or complaint on any Defendant. Additionally, Defendants' attorneys have submitted declarations stating expressly that Defendants have not been served. *See* Declaration of David A. Silberman in Support of Motion to Dismiss filed by Judge Marta Diaz, the San Mateo Human Services Agency, and the San Mateo County Board of Supervisors; Declaration of David Sheurman in Support of Motion to Dismiss as to Stanford Hospitals and

---

[2] The term *pro se* indicates that a party is proceeding "on one's own behalf" and "without a lawyer." Black's Law Dictionary 1236 (7th ed. 1999).

Clinics. In response, Plaintiffs have submitted a "Notice of Compliance," in which they state that they mailed all of the documents filed in the instant action to Defendants. Attached to the Notice of Compliance are eleven documents described by Plaintiffs as Certificates of Mailing, which list the documents filed in the instant action and when and to whom they were mailed. *See* Attachments to Notice of Compliance. There is no indication that these documents included a summons.[3]

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 4(m),

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

The record reflects that no Defendant has waived service pursuant to Federal Rule of Civil Procedure 4(d). Without an affirmative waiver of service from Defendants, it is Plaintiffs' duty to effect service by person and not by mail: "Service may be effected *by any person who is not a party* and who is at least 18 years of age." Fed. R. Civ. P. 4(c) (emphasis added).

During oral argument, Linda Hagedorn represented to the Court that she believed that service by mail was permissible and that Plaintiffs had effected such service on all Defendants. In consideration of the fact that Plaintiffs are proceeding *pro se*, the Court will deny the instant motions to dismiss on the condition that Plaintiffs serve each Defendant personally with a copy of the complaint and summons on or before August 31, 2006. The Court advises Plaintiffs that such service must be effected by any person *who is not a party* to this action. *See id.* On or before September 5, 2006, Plaintiffs must file proof of service with this Court. If service is not effected or proof of service is not filed by these deadlines, the Court will grant the instant motions to dismiss.

---

[3] During oral argument, an unidentified friend of Plaintiffs indicated that a summons was sent. However, this is not competent evidence of service of summons.

3

Case No. C 06-00796 JF
ORDER CONDITIONALLY DENYING MOTIONS TO DISMISS
(JFLC1)

### III.  ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that Defendants' motions to dismiss are DENIED ON THE CONDITION that Plaintiffs serve each Defendant personally with a copy of the complaint and summons on or before August 31, 2006 and file proof of service on or before September 5, 2006.[4]

DATED: August 18, 2006

                                    JEREMY FOGEL
                                    United States District Judge

---

[4] Plaintiffs also filed a motion to cancel the Case Management Conference scheduled for August 18, 2006.  The Court did not hold a Case Management Conference on August 18, 2006 because, as the Court indicated to the parties during oral argument, it was not determined at the time of the hearing whether the Court has jurisdiction over the instant action.  Accordingly, Plaintiffs' motion to cancel the Case Management Conference is moot.

1  This Order has been served upon the following persons:

2  Linda Lee Hagedorn & Richard Dale Hagedorn
   650 Castro Street #120-467
3  Mountain View, CA 94041

4  David A. Silberman
   San Mateo County Counsel's Office
5  400 County Center, 6th Floor
   Redwood City, CA 94063
6
   David Sheuerman
7  Sheuerman,Martini & Tabari
   1033 Willow Street
8  San Jose, CA 95125

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

Case No. C 06-00796 JF
ORDER CONDITIONALLY DENYING MOTIONS TO DISMISS
(JFLC1)